## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

### CASE NO.

TYLER STREATER, individually and
on behalf of all others similarly situated,                    **CLASS ACTION**

     Plaintiff,                                                          **JURY TRIAL DEMANDED**

v.                                                                                     CIV-23-162-JAR

WHALECO, INC. d/b/a TEMU,

     Defendant.

_____/

### CLASS ACTION COMPLAINT

Plaintiff Tyler Streater brings this class action against Defendant WhaleCo., Inc. d/b/a Temu, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.     "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"), and Oklahoma's Telephone Solicitation Act of 2022 (the "OTSA"), Okla. Stat. tit. 15 § 775C.1, *et seq*. Both statutes were enacted to help fight robotexts like the ones at issue in this case.

1

3.      Defendant owns and operates an online marketplace and is a subsidiary of Chinese-based PDD Holdings, Inc. It sells and ships a variety of goods to consumers in the U.S. directly from China.

4.      Defendant engages in unsolicited text message marketing, including to individuals who have registered their telephone numbers on the National Do-Not-Call Registry, to those who have not provided Defendant with their prior express written consent as required by the OTSA, as well as text message solicitations before the hours of 8 a.m. or after 8 p.m. and in excess of the OTSA's twenty-four-hour limit, all in violation of the OTSA's regulations.

5.      Consumers that have been harassed by Defendant's solicitations have expressed their frustration on the Internet. The following are just a few of those complaints:[1]

- I am getting multiple of these text messages daily… I'm talking around 5-6. It has a different name on the messages, but they are getting so annoying. It's a new number every time so blocking hasn't helped. I never signed up or have even been on their website.

- I am getting spammed with these texts daily, can confirm blocking the number does not do anything

- I am also getting at least 3 of these a day. If you figure out a way to stop them please update, starting to drive me a little crazy haha.

- Just started getting these texts this week. Never visited their site or anything. Super obnoxious

6.      Defendant's unsolicited text message spam caused Plaintiff and the Class members harm, including violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, wasted time, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' cellular telephones.

---

[1] www.reddit.com/r/Scams/comments/108k2f7/i_never_ordered_anything_through_temu_and_the/

7.     Through this action, Plaintiff seeks an injunction, statutory damages, and/or actual liquidated damages on behalf of Plaintiff and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

8.     Plaintiff is, and at all times relevant hereto was, a citizen and resident of Seminole County, Oklahoma.

9.     Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Okla. Stat. tit. 15 § 775C.2.1. in that Plaintiff was the regular user of cellular telephone number that received Defendant's commercial telephonic sales calls.

10.     Defendant is, and at all times relevant hereto was, a Delaware corporation. Defemdat is indirectly wholly-owned by Pinduoduo Inc., the shares of which are publicly traded on the NASDAQ stock exchange under the symbol PDD, with a market capitalization in excess of $100 billion.

## JURISDICTION AND VENUE

11.     This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

12.     This Court has supplemental jurisdiction over Plaintiff's OTSA claims pursuant to 28 U.S.C. § 1367.

13.     Defendant is subject to personal jurisdiction in Oklahoma because this suit arises out of and relates to Defendant's contacts with this state.  Defendant initiated and directed telemarketing and/or advertising text messages into Oklahoma. Specifically, Defendant initiated and directed the transmission of unsolicited advertisement or telemarketing text messages to Plaintiff's cellular telephone number to sell goods, services or products in Oklahoma.  Plaintiff's

telephone number has an area code (405) that coincides with locations in Oklahoma, and Plaintiff received such messages while residing in and physically present in Oklahoma.

14.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

15.     On 5/11/23 at 7:55pm (twice); 5/12/23 at 2:42pm; 5/12/23 at 8:27pm; 5/13/23 at 2:25pm; 5/13/23 at 7:47pm; 5/14/23 at 2:14pm; 5/14/23 at 8:32pm (twice); 5/15/23 at 11:14am; 5/15/23 at 3:09pm; 5/16/23 at 3:01pm; 5/16/2023 at 8:28pm (twice); and 5/17/2023 at 3:10pm, Defendant bombarded Plaintiff's cellular telephone with text message advertisements regarding its goods and services, as depicted below:











16.    As demonstrated by the above screenshot, the purpose of Defendant's text messages was to solicit the sale of consumer goods and/or services.

17.    The messages also advertise and call attention to Defendant's products and related services.

18.    As demonstrated by the above screenshots, Plaintiff received messages in violation of the OTSA's time restriction regulations, Okla. Stat. tit. 15 § 775C.4.A.1, on the following dates and times: (1) 5/12/23 at 8:27pm; (2) 5/14/23 at 8:32pm (twice); and (3) 5/16/2023 at 8:28pm (twice).

19.    Additionally, as demonstrated by the above screenshots, Plaintiff received text messages in violation of the OTSA's twenty-four-hour restriction, Okla. Stat. tit. 15 § 775C.4.A.2, on the following dates and times: (1) 5/14/23 at 2:14pm; (2) 5/14/23 at 8:32pm (twice); and (3) 5/15/23 at 11:14am.

20.    Plaintiff is the regular user of the telephone number that received the above telephonic sales calls.

21.    Plaintiff utilizes his cellular telephone number for personal purposes and the number is Plaintiff's residential telephone line.  In other words, Plaintiff's cellular telephone is Plaintiff's home telephone number and Plaintiff makes and receives personal calls on his cellular telephone. Moreover, Plaintiff's cellular telephone is the primary means of reaching Plaintiff at his residence.

22.    Plaintiff registered his cellular telephone number on the National Do-Not-Call Registry and the number was listed on the registry for over 30 days prior to Defendant's first text message solicitation.

23.     Plaintiff was in Oklahoma when Plaintiff received the above text message calls, and Defendant's violative conduct occurred in substantial part in Oklahoma.

24.     Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

25.     To send the text messages, Defendant used a messaging platform (the "Platform"), which permitted Defendant to transmit blasts of text messages automatically and without any human involvement. The Platform automatically made a series of calls to Plaintiff's and the Class members' stored telephone numbers with no human involvement after the series of calls were initiated utilizing the Platform. Defendant's use of lengthy generic text messages (depicted above) further demonstrates that Defendant utilizes automated dialing systems to mass transmit solicitation texts to consumers.

26.     Moreover, the telephone number utilized by Defendant to send the messages (52927) is known as a short-code. Text messages utilizing a short-code can only be sent utilizing automated computer equipment and not a traditional telephone.

27.     The telephone number utilized by Defendant to send the messages (52927) is not capable of receiving telephone calls and does not connect the call recipient, upon calling such number, to Defendant.

28.     The Platform has the capacity to select and dial numbers automatically from a list of numbers, which was in fact utilized by Defendant.

29.     The Platform has the capacity to schedule the time and date for future transmission of text messages, which was in fact utilized by Defendant.

30.     The Platform also has an auto-reply function that results in the automatic transmission of text messages.

31.     Defendant was not required to and did not need to utilize the Platform to send messages to Plaintiff and the Class members. Instead, Defendant opted to use the Platform to maximize the reach of its text message advertisements at a nominal cost to Defendant.

32.     Defendant would be able to conduct its business operations without sending automated text messages to consumers.

33.     Defendant would be able to send automated text messages to consumers, and in compliance with the OTSA, by securing the proper consent from consumers prior to sending text messages.

34.     Defendant would be able to send text messages to consumers without consent by utilizing a non-automated text messaging system.

35.     Accordingly, it is not impossible for Defendant to comply with the OTSA in the context of transmitting text messages.

36.     The burden and cost to Defendant of securing consent from consumers that complies with the OTSA is nominal.

37.     Compliance with the OTSA will not result in Defendant having to cease its business operations.

38.     Compliance with the OTSA will not result in Defendant having the alter the prices of any goods or services it provides in the marketplace.

39.     Compliance with the OTSA will not force Defendant to seek regulatory approval from the State of Oklahoma before undertaking any type of commercial transaction.

40.     Because a substantial part of Defendant's OTSA violations occurred in Oklahoma, requiring Defendant's compliance with the OTSA will not have the practical effect of regulating commerce occurring wholly outside of Oklahoma.

41.     Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit commercial telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection and dialing of telephone numbers.

42.     More specifically, Plaintiff never signed any type of authorization permitting or allowing the placement of a telephonic sales call by text message using an automated system for the selection and dialing of telephone numbers.

43.     Defendant's unsolicited text message spam caused Plaintiff and the Class members harm, including violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, wasted time, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' telephones.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

44.     Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The Classes that Plaintiff seeks to represent are defined as:

> **TCPA DNC Class**: All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one text message call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's property, goods, and/or services; (5) who did not purchase or transact business with Defendant during the eighteen months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three

months immediately preceding the date of the first message with an inquiry about a product, good, or service offered by Defendant.

**OTSA Autodialer Class**: All persons in Oklahoma who, (1) were sent one or more text messages regarding Defendant's property, goods, and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) from November 1, 2022 through the date of class certification.

**OTSA Caller ID Class**: All persons in Oklahoma who, (1) were sent one or more text messages regarding Defendant's property, goods, and/or services, (2) through a use of any short-code, (3) from November 1, 2022 through the date of class certification.

**OTSA Time Restriction Class**: All persons in Oklahoma who (1) from November 1, 2022 through the date of class certification, (2) were sent one or more text messages; (3) regarding Defendant's property, goods, and/or services; (3) before the hours of 8 a.m. or after 8 p.m. Central Daylight Time.

**OTSA Twenty-Four-Hour Class**: All persons in Oklahoma who, (1) were sent more than three text messages over a twenty-four-hour period (2) regarding Defendant's property, goods, and/or services, (3) from November 1, 2022 through the date of class certification.

45.     Defendant and its employees or agents are excluded from the Classes.

**NUMEROSITY**

46.     Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to at least 50 persons. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

47.     Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## COMMON QUESTIONS OF LAW AND FACT

48.    There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Class are:

       (a)  Whether Defendant initiated commercial telephonic sales texts to Plaintiff and the Class members;

       (b)  Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls;

       (c)  Whether Defendant placed solicitations to individuals who registered their telephone numbers on the National Do-Not-Call Registry;

       (d)  Whether Defendant sent texts to Oklahoma residents before 8am or after 8pm Central Time; and

       (e)  Whether Defendant is liable for damages, and the amount of such damages.

49.    The common questions in this case are capable of having common answers and Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

50.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

51.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

SUPERIORITY

52.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class members are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

53.    The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)**
**(On Behalf of Plaintiff and the TCPA DNC Class)**

54.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

55.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

16

56.     Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

57.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

58.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

59.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

60.     As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Class.

**COUNT II**
**VIOLATION OF OKLA. STAT. TIT. 15 § 775C.3**
**(On Behalf of Plaintiff and the OTSA Autodialer Class)**

61.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

62.     It is a violation of the OTSA to "make or knowingly allow a commercial telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party."  Okla. Stat. tit. 15 § 775C.3.A.

63.     "Prior express written consent" means an agreement in writing that:

    a.   bears the signature of the called party;

    b.   clearly authorizes the person making or allowing the placement of a commercial telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

    c.   includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

    d.   includes a clear and conspicuous disclosure informing the called party that:

        i.   By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

        ii.  He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Okla. Stat. tit. 15 § 775C.2.3.

64.     Defendant failed to secure prior express written consent from Plaintiff and the Class members.

65.     In violation of the OTSA, Defendant made and/or knowingly allowed commercial telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

66.     Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection and dialing of telephone numbers.

67.     As a result of Defendant's conduct, and pursuant to section 775C.6 of the OTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.  Plaintiff and the Class members are also entitled to an injunction against future calls. *Id*.

68.     Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

**COUNT III**
**VIOLATION OF OKLA. STAT. TIT. 15 § 775C.3**
**(On Behalf of Plaintiff and the OTSA Caller ID Class)**

69.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

70.     The OTSA provides in pertinent part: "If a telephone number is made available through a caller identification service as a result of a commercial telephonic sales call, the solicitor must ensure that telephone number is capable of receiving telephone calls and must connect the original call recipient, upon calling such number, to the telephone solicitor or to the seller on behalf of which a commercial telephonic sales call was placed." Okla. Stat. tit. 15 § 775C.3.B.

71.     In violation of the OTSA, Defendant sent text messages to Plaintiff and the Class members utilizing a short-code telephone number(s) that does not accept incoming calls and does not connect call recipients with Defendant.

72.     Accordingly, Defendant's text messages to Plaintiff and the Class members violated section 775C.3.B of the OTSA.

73.     As a result of Defendant's conduct, and pursuant to section 775C.6 of the OTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.  Plaintiff and the Class members are also entitled to an injunction against future calls. *Id*.

74.     Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below

**COUNT IV**
**VIOLATION OF OKLA. STAT. TIT. 15 § 775C.4**
**(On Behalf of Plaintiff and the OTSA Time Restriction Class)**

75.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

76.     It is a violation of the OTSA to make "[a] commercial telephone solicitation phone call before 8 a.m. or after 8 p.m. local time in the called person's time zone." Okla. Stat. tit. 15 § 775C.4.A.1.

77.     Defendant violated section 775C.4.A.1 by initiating telephone solicitations to Plaintiff and the Class members before the hour of 8 a.m. or after 8 p.m. Central Standard Time.

78.     As a result of Defendant's conduct, and pursuant to section 775C.6 of the OTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in

damages for each violation.  Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

79.    Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

**COUNT V**
**VIOLATION OF OKLA. STAT. TIT. 15 § 775C.4**
**(On Behalf of Plaintiff and the OTSA Twenty-Four-Hour Class)**

80.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

81.    It is a violation of the OTSA to make "[m]ore than three commercial telephone solicitation phone calls from any number to a person over a twenty-four-hour period on the same subject matter or issue, regardless of the phone number used to make the call." Okla. Stat. tit. 15 § 775C.4.A.2.

82.    Defendant violated section 775C.4.A.2 by initiating more than three commercial telephone solicitations to Plaintiff and the Class members over a twenty-four-hour period regarding Defendant's property, goods, and/or services.

83.    As a result of Defendant's conduct, and pursuant to section 775C.6 of the OTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.  Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

84.    Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages and/or actual liquidated damages for Plaintiff and each member of the Classes as applicable under the OTSA and/or TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the OTSA and TCPA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: May 19, 2023

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**THE LAW OFFICES OF JIBRAEL S. HINDI**
Jibrael S. Hindi, Esq.
Florida Bar No. 118259
110 SE 6th Street
Suite 1744
Ft. Lauderdale, Florida 33301